UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-10061-CIV-ALTMAN

**DUGLAS E. HERNANDEZ-MOREL**,

     *Petitioner,*

*v.*

**RICKY DIXON, SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS**,

     *Respondent.*

_____/

## ORDER

Our Petitioner, Duglas E. Hernandez-Morel, was convicted of kidnapping and sexual battery

in state court. *See* Petition [ECF No. 1] at 1. Now in state prison for his crimes, Hernandez-Morel has

filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, challenging the constitutionality

of his conviction. After careful review, we **DISMISS** the Petition as time-barred.

### THE FACTS

In March of 2015, the State of Florida charged Hernandez-Morel by Information with four

crimes: kidnapping (Count 1); sexual battery with a deadly weapon (Count 2); improper exhibition of

a dangerous weapon (Count 3); and driving with a suspended or revoked license (Count 4). *See*

Information [ECF No. 11-1] at 5–6. On August 11, 2015, Hernandez-Morel's defense attorney filed

a "Notice of Expiration of Speedy Trial Time" under FLA. R. CRIM. P. 3.191(a), claiming that the 175-

day period to bring Hernandez-Morel to trial had elapsed. *See* Notice of Expiration of Speedy Trial

Time [ECF No. 11-1] at 11. Six days later, on August 17, 2015, the state trial court "accept[ed] the

Notice of Expiration" and held a hearing on the parties' pre-trial motions—all with the hope of

proceeding to a jury trial. *See* Aug. 17, 2015 Hr'g Tr. [ECF No. 15-2] at 4. At this hearing, the State

moved to file an amended information, which "took out in Count [2] that a weapon was used" and

corrected several scrivener's errors. *Id.* at 15. Over the Petitioner's objection, the trial court allowed the amended information—but only after concluding that the amended information "basically charges a lesser included offense of Count [2]." *Id.* at 16; *see also* Amended Information [ECF No. 11-1] at 8–9 (changing Count 2 from "sexual battery with a deadly weapon" to mere "sexual battery").

After a three-day trial, a Monroe County jury found Hernandez-Morel guilty of Counts 1, 2, and 4. *See* Verdict [ECF No. 11-1] at 13–15.[1] Several days later, defense counsel filed a "Motion for New Trial" under FLA. R. CRIM. P. 3.600, arguing that "[t]here was no evidence establishing the accuracy of [DNA evidence]," that the trial court had condoned the "improper use of prior consistent statements," and that the State had violated FLA. R. CRIM. P. 3.220 when it failed to disclose "2 or 3 voice mails left on [the victim's] phone" by another witness. Motion for New Trial [ECF No. 11-1] at 30–31. The trial court orally denied this motion at sentencing. *See* Sentencing Hr'g Tr. [ECF No. 15-1] at 23. On October 13, 2015, the state trial court adjudicated Hernandez-Morel guilty of Counts 1, 2, and 4 and sentenced him to 25 years in the custody of the Florida Department of Corrections. *See* Judgment and Sentencing Orders [ECF No. 11-1] at 17–25.

Hernandez-Morel appealed his conviction and sentence to the Third DCA, advancing only one argument: that the State had violated its discovery obligations when it "retrieve[d] voice messages from the victim's phone" without informing defense counsel. Direct Appeal Initial Brief [ECF No. 11-1] at 48. On March 1, 2017, the Third DCA summarily affirmed the trial court in an unwritten opinion. *See Morel v. State*, 224 So. 3d 229, 229 (Fla. 3d DCA 2017). The Third DCA's mandate issued on March 17, 2017. *See* Direct Appeal Mandate [ECF No. 11-1] at 87.

---

[1] The trial court granted Hernandez-Morel's motion for a judgment of acquittal on Count 3—which had charged him with improper exhibition of a dangerous weapon. *See* Order Granting Motion for Judgment of Acquittal [ECF No. 11-1] at 27.

On March 8, 2018,[2] Hernandez-Morel filed a "Petition Writ of Habeas Corpus" in the state trial court, claiming that the court had erred in three ways. *See* State Habeas Petition [ECF No. 11-1] at 89–124. The state trial court denied this petition on July 8, 2018, finding that (under state law) none of these three grounds could be raised for the first time in a habeas petition. *See* Order Denying State Habeas Petition [ECF No. 11-2] at 3 ("These claims were not raised on direct appeal and it is improper to raise them for the first time in a Petition for Writ of Habeas Corpus."). Hernandez-Morel filed a motion for rehearing, *see* Motion for Rehearing on State Habeas Petition [ECF No. 11-2] at 6–22, which the state trial court summarily denied, *see* Order Denying Motion for Rehearing on State Habeas Petition [ECF No. 11-2] at 24. Hernandez-Morel then appealed the denial of his State Habeas Petition to the Third DCA, *see* State Habeas Petition Notice of Appeal [ECF No. 11-2] at 25, which summarily affirmed the state trial court on January 23, 2019, *see Hernandez-Morel v. State*, 274 So. 3d 377, 377 (Fla. 3d DCA 2019). The Third DCA's mandate issued on March 1, 2019, *see* State Habeas Petition Mandate [ECF No. 11-2] at 69, and the Florida Supreme Court dismissed Hernandez-Morel's petition for discretionary review after determining that it lacked jurisdiction, *see Hernandez-Morel v. State*, 2019 WL 1051501, at *1 (Fla. Mar. 6, 2019) ("This Court lacks jurisdiction to review an unelaborated decision from a district court of appeal[.]").

On February 28, 2019, while the appeal of his State Habeas Petition was pending, Hernandez-Morel filed a "Motion to Correct Illegal Sentence" under FLA. R. CRIM. P. 3.800(a). *See* Motion to Correct Illegal Sentence [ECF No. 11-2] at 76–85. The state postconviction court denied the motion on May 29, 2019. *See* Order Denying Motion to Correct Illegal Sentence [ECF No. 11-2] at 148–50. Hernandez-Morel appealed, and the Third DCA affirmed in an unwritten opinion on July 1, 2020. *See*

---

[2] "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009). "Absent evidence to the contrary, [courts] assume that a prisoner delivered a filing to prison authorities on the date that he signed it." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014).

*Hernandez-Morel v. State*, 307 So. 3d 659, 659 (Fla. 3d DCA 2020). When Hernandez-Morel (again) tried to invoke the Florida Supreme Court's discretionary jurisdiction, *see* Notice to Invoke Discretionary Jurisdiction [ECF No. 11-3] at 68–72, the high court dismissed, saying that it "lack[ed] jurisdiction to review an unelaborated decision from a district court of appeal," *Hernandez-Morel v. State*, No. SC20-1154 (Fla. Aug. 7, 2020). The Third DCA's mandate issued on August 19, 2020. *See* Motion to Correct Illegal Sentence Mandate [ECF No. 11-3] at 66.

Meanwhile, on October 22, 2018, Hernandez-Morel filed in the state circuit court a Motion for Postconviction Relief under FLA. R. CRIM. P. 3.850. *See* First Postconviction Motion [ECF No. 11-3] at 76–113. On September 3, 2020, he added a "Supplemental Motion for Postconviction Relief," seeking to add three additional grounds to the First Postconviction Motion. *See* Second Postconviction Motion [ECF No. 11-3] at 115–38. The State filed a Response directed *solely* at the Second Postconviction Motion, arguing that it was "facially insufficient because it is filed after the two year time limitation and does not allege any exception to the time requirement." State's Response to Second Postconviction Motion [ECF No. 11-3] at 141. The state postconviction court agreed that the Second Postconviction Motion was "filed after [Rule 3.850(b)'s] time limitation" and denied the Second Postconviction Motion on that basis. Order Denying Second Postconviction Motion [ECF No. 11-3] at 149.

On December 31, 2020, Hernandez-Morel sought to amend his First Postconviction Motion *again*—this time, with three claims that were mostly duplicative of the arguments he'd made in his first two postconviction motions. *See* Third Postconviction Motion [ECF No. 11-3] at 152–88. The State filed a response to the Third Postconviction Motion, contending that the Third Postconviction Motion had replaced and superseded the First Postconviction Motion. *See* State's Response to Third Postconviction Motion [ECF No. 11-3] at 192 ("The State views [the Third Postconviction Motion] filed with the Clerk of Court on January 13, 2021[,] as superseding the October 22, 2018 [First

Postconviction Motion] and shall respond accordingly."). But, on April 1, 2021, the state postconviction court (1) held that the Third Postconviction Motion should be dismissed as time-barred and (2) ordered the State to file a new response addressed only to the claims Hernandez-Morel had advanced in the First Postconviction Motion. *See* Order Denying Third Postconviction Motion [ECF No. 11-4] at 4 ("The Defendant filed a timely Motion for Post-Conviction Relief . . . on October 22, 2018[,] which remains pending. The State shall be given an opportunity to respond to the grounds raised in this Motion. The additional grounds that were raised in subsequent motions to amend and/or supplement . . . are time barred and otherwise procedurally barred.").

The State then filed a Response to the First Postconviction Motion, in which it suggested that the state postconviction court "deny [the First Postconviction Motion] without [a] hearing and enter a Final Order in this cause." State's Response to First Postconviction Motion [ECF No. 11-4] at 13. On June 16, 2021, the state postconviction court denied the First Postconviction Motion in a comprehensive written order. *See* Order Denying First Postconviction Motion [ECF No. 11-4] at 15–27. The Third DCA affirmed the state postconviction court in an unwritten decision on December 29, 2021, *see Morel v. State*, 331 So. 3d 709, 710 (Fla. 3d DCA 2021), and issued its mandate on February 4, 2022, *see* Postconviction Mandate [ECF No. 11-4] at 128. Hernandez-Morel then filed this federal Petition by giving it to prison officials on July 18, 2022. *See* Petition at 38. As we'll see, that was way too late.

## THE LAW

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "a person in custody pursuant to the judgment of a State court" has one year to file a federal habeas petition. 28 U.S.C. § 2244(d)(1). That one-year period "runs from the latest of" the following dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* § 2244(d)(1)(A)–(D).

AEDPA's limitations period can be tolled in at least two circumstances. *First*, the limitations period will be tolled for any period "during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" before the state court. *Id.* § 2244(d)(2). This is what we call "statutory tolling." *Second*, a petitioner may avail himself of "equitable tolling" if he can show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

In addition, in extremely limited circumstances, a habeas petitioner can present an untimely claim if he shows that he's "actually innocent" of the crime. *See Rozzelle v. Sec'y, Fla. Dep't of Corr.*, 672 F.3d 1000, 1011 (11th Cir. 2012) ("[Actual innocence] serve[s] as a gateway to consideration of constitutional claims time-barred under AEDPA's one-year limitations period."). To avail himself of the actual-innocence exception, a petitioner must satisfy two elements. *First*, he must "support the actual innocence claim 'with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'" *Arthur v. Allen*, 452 F.3d 1234, 1245 (11th Cir. 2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). In this context, "[a]ctual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United*

*States*, 523 U.S. 614, 623 (1998) (cleaned up). *Second*, he must show "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt in light of the new evidence." *Rozzelle*, 672 F.3d at 1011 (cleaned up).

<h3 align="center">ANALYSIS</h3>

In his Petition, Hernandez-Morel advances six grounds for relief. *See generally* Petition at 2–34. But, as the Respondent points out, we don't need to address Hernandez-Morel's claims on the merits because the Petition is untimely. *See* Response to Order to Show Cause ("Response") [ECF No. 10] at 37 ("Because a total of four-hundred and forty-four days of untolled time had elapsed since [Hernandez-Morel's] conviction became final prior to the filing of the instant petition, the petition appears untimely and should be dismissed."). In his Reply, Hernandez-Morel (briefly) insists that his state postconviction motions (and his subsequent appeals) tolled AEDPA's limitations period. *See* Reply [ECF No. 18] at 8 ("[T]he State failed to notify that while every motion that was place in the circuit court and follow by appeals another was pending back in the circuit court[.]" (errors in original)). We disagree and conclude that more than one year of untolled time elapsed between "the date on which [Hernandez-Morel's] judgment became final" and the date on which the Petition was filed. 28 U.S.C. § 2244(d)(1)(A).

The AEDPA limitations period begins to run when the Supreme Court of the United States "affirms a conviction on the merits on direct review or denies a petition for writ of certiorari, or when the time for filing a certiorari petition expires." *Clay v. United States*, 537 U.S. 522, 527 (2003). Once a conviction becomes final, the "AEDPA clock" runs "until the individual seeking review files a state motion for post-conviction relief. Once the petitioner files a motion for post-conviction relief in state court, the AEDPA clock stops." *San Martin v. McNeil*, 633 F.3d 1257, 1266 (11th Cir. 2011) (citing 28 U.S.C. § 2244(d)(2)). The limitations period remains tolled so long as the postconviction motion is "pending" before a state court, and the clock doesn't resume until "the state's highest court issues its

mandate disposing of the motion for post-conviction relief." *Ibid.* All that said, only a "properly filed application for State post-conviction or other collateral review" can toll AEDPA's limitations period. 28 U.S.C. § 2244(d)(2). A postconviction application is "properly filed" when "its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

Here's how the Respondent calculates the number of untolled days in this case. *First*, it notes that "Petitioner's conviction became final on May 30, 2017, ninety (90) days after March 1, 2017, when the Third District issued its per curiam affirmance of Petitioner's judgment and sentence." Response at 36 (citing *Morel*, 224 So. 3d at 229). *Second*, it says that AEDPA's limitations period ran until "March 8, 2018, [when the] Petitioner filed [the State Habeas Petition]"—in other words, that the clock ran uninterrupted for 281 days. *Id.* at 37. *Third*, it concedes that the limitations period remained tolled until February 4, 2022, when the Third DCA issued its mandate affirming the state postconviction court's denial of the First Postconviction Motion. *See ibid.* ("On October 22, 2018, . . . Petitioner mailed to the Clerk [the First Postconviction Motion]. That motion and the ensuing appeal remained pending until the Third District issued its mandate on February 4, 2022."); *see also* Postconviction Mandate [ECF No. 11-4] at 128. *Fourth*, it points out that the limitations period "resumed running on February 5, 2022, until the filing of the federal habeas petition on July 18, 2022, [163] days later." Response at 37. According to the Respondent, when you add these two periods of untolled time (281 days plus 163), you get "[444] days . . . since his conviction became final prior to the filing of the instant petition"—which, of course, is more than one year. *Ibid.*

With one (very minor) exception, we agree with the Respondent's math. The Third DCA affirmed Hernandez-Morel's conviction on March 1, 2017. *See Morel*, 224 So. 3d at 229. AEDPA's clock thus began to run when "the judgment became final by the conclusion of direct review or the

expiration of the time for seeking such review," 28 U.S.C. § 2244(d)(1)(A), which, in this case, was May 30, 2017—90 days after the Third DCA affirmed his conviction and the last day on which Hernandez-Morel could've filed a petition for a writ of certiorari with the U.S. Supreme Court, *see Chavers v. Sec'y, Fla. Dep't of Corr.*, 468 F.3d 1273, 1275 (11th Cir. 2006) ("[T]he entry of judgment, and not the issuance of the mandate, is the event that starts the running of time for seeking Supreme Court review, within the meaning of Supreme Court Rule 13.3 and 28 U.S.C. § 2244(d)(1)(A)."); *see also* SUP. CT. R. 13.1 ("[A] petition for a writ of certiorari to review a judgment in any case . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment."). When AEDPA's limitations period began to run the next day (May 31, 2017), it continued uninterrupted until Hernandez-Morel placed his State Habeas Petition in the hands of prison officials on March 8, 2018. *See* State Habeas Petition [ECF No. 11-1] at 89; *see also* State Court Docket [ECF No. 11-4] at 132 (showing that no postconviction motions or applications were filed with the Clerk until March 16, 2018). In other words, between May 31, 2017, and March 8, 2018, ***282 days*** (not 281) of untolled time elapsed.[3]

    Which brings us to tolling. As we just explained, AEDPA's limitations period is tolled so long as "a properly filed application for State post-conviction or other collateral review . . . is pending[.]" 28 U.S.C. § 2244(d)(2). An application for postconviction relief remains pending until "the state's highest court issues its mandate disposing of the motion for post-conviction relief." *San Martin*, 633 F.3d at 1266 (citing *Lawrence v. Florida*, 549 U.S. 327, 331–32 (2007)). Our review of the state circuit court's docket (and the appendix the Respondent attached to its Response) confirms that Hernandez-

---

[3] Both of the Respondent's calculations are off by one day, *see* Response at 37—probably because the Respondent failed to include "the last day of the period" in its computation, *see* FED. R. CIV. P. 6(a)(1)(C) ("When the period is stated in days or a longer unit of time . . . include the last day of the period[.]"). Of course, this two-day discrepancy between our calculation and the Respondent's doesn't affect our conclusion that the Petition is untimely.

Morel filed the following three "properly filed application[s] for post-conviction or other collateral review"[4]:

- State Habeas Petition [ECF No. 11-1] at 89–124: filed on **March 8, 2018**. Denied by the state postconviction court on **July 8, 2018**. *See* Order Denying State Habeas Petition [ECF No. 11-2] at 3. The Third DCA issued its mandate affirming this denial on **March 1, 2019**. *See* State Habeas Petition Mandate [ECF No. 11-2] at 69.[5]

- Motion to Correct Illegal Sentence [ECF No. 11-2] at 76–85: filed on **February 28, 2019**. Denied by the state postconviction court on **May 29, 2019**. *See* Order Denying Motion to Correct Illegal Sentence [ECF No. 11-2] at 148–50. The Third DCA issued its mandate affirming this denial on **August 19, 2020**. *See* Motion to Correct Illegal Sentence Mandate [ECF No. 11-3] at 66.

- First Postconviction Motion [ECF No. 11-3] at 76–113: filed on **October 22, 2018**. Denied by the state postconviction court on **June 16, 2021**. *See* Order Denying First Postconviction Order [ECF No. 11-4] at 15–27. The Third DCA issued its mandate affirming this denial on **February 4, 2022**. *See* Postconviction Mandate [ECF No. 11-4] at 128.

As this recitation makes clear, Hernandez-Morel had *at least* one properly filed postconviction motion pending in state court until the Third DCA issued its mandate affirming the denial of the First Postconviction Motion on **February 4, 2022**. *See generally* State Court Docket [ECF No. 11-4] at 130–32 (showing that no other postconviction motions were pending after February 4, 2022). In other words, as the Respondent has noted, the statute of limitations "resumed running on February 5, 2022,

---

[4] The state postconviction court determined that the Second and Third Postconviction Motions were untimely. *See* Order Denying Second Postconviction Motion [ECF No. 11-3] at 149; Order Denying Third Postconviction Motion [ECF No. 11-4] at 4. And untimely Rule 3.850 postconviction motions *aren't* "properly filed" under § 2244(d)(2). *See Jones v. Sec'y, Fla. Dep't of Corr.*, 906 F.3d 1339, 1352 (11th Cir. 2018) ("[A] state post-conviction motion is not, and cannot ever be, 'properly filed' if it was rejected by the state courts as untimely."). Since they weren't properly filed, these motions cannot toll AEDPA's limitations period.

[5] Although Hernandez-Morel sought discretionary review from the Florida Supreme Court, that court lacked jurisdiction under state law "to review an unelaborated decision from a district court of appeal[.]" *Hernandez-Morel*, 2019 WL 1051501, at *1. Hernandez-Morel's unsuccessful attempt to invoke the Florida Supreme Court's jurisdiction thus *wasn't* "properly filed" and, consequently, couldn't toll AEDPA's limitations period. *See Bismark v. Sec'y, Dep't of Corr.*, 171 F. App'x 278, 280 (11th Cir. 2006) ("Though Bismark filed a notice with the Florida Supreme Court on June 12, 2001, seeking review of the denial of the motion, the § 2244(d) limitations period was not tolled further because his petition with the Florida Supreme Court was not 'properly filed' since the order appealed from was *per curiam*.").

until the filing of the federal habeas petition on July 18, 2022[.]" Response at 37. And, from February 5, 2022, until July 18, 2022, another **164 days** of untolled time passed. When we add the two periods of untolled time together (282 days plus 164), we get **446 days** of untolled time. Since more than one year's worth of untolled time passed from "the date on which [Hernandez-Morel's] judgment became final" (*i.e.*, May 30, 2017), the Petition is time-barred. 28 U.S.C. § 2244(d)(1)(A).

It's true (of course) that a § 2254 petition *can* be timely under the alternative limitations periods of § 2244(d)(1)—just as it's true that we can hear the merits of an untimely petition when one of the non-statutory exceptions (*e.g.*, equitable tolling or actual innocence) applies. But none of these alternatives are available to Hernandez-Morel. He, after all, never mentions timeliness at all in his briefings. The "Timeliness of his Petition" section is completely blank. *See* Petition at 37–38. And the Reply's only timeliness contention relies *exclusively* on an argument we've already rejected as false— that the limitations period was tolled by the submission of *other* postconviction motions. *See* Reply at 8 ("[E]very motion that was place in the circuit court and follow by appeals another was pending back in the circuit court." (errors in original)). Hernandez-Morel, in other words, "doesn't allege that there was an impediment to filing an application created by State action, a newly recognized constitutional right made retroactively applicable to cases on collateral review, or a new 'factual predicate' that couldn't have been discovered earlier through the exercise of due diligence," so he cannot avail himself of § 2244(d)(1)'s other limitations periods. *Mingst v. Dixon*, 2022 WL 16857028, at *4 (S.D. Fla. Nov. 10, 2022) (Altman, J.) (cleaned up) (citing 28 U.S.C. § 2244(d)(1)(B)–(D)).

Nor does Hernandez-Morel ever suggest *either* that the limitations period should be equitably tolled *or* that he's actually innocent. *See generally* Petition; Reply. We won't consider exceptions to the limitations period the Petitioner decided not to address. *See Jones v. United States*, 304 F.3d 1035, 1040 (11th Cir. 2002) ("The *petitioner* has the burden of proving entitlement to equitable tolling by showing that extraordinary circumstances that were beyond his control and unavoidable even with diligence

prevented filing the petition on time." (cleaned up)); *Castillo v. Dixon*, 2022 WL 2651623, at *5 (S.D. Fla. July 8, 2022) (Altman, J.) ("Castillo's actual-innocence claim fails at the first step because he's identified *no evidence* (let alone 'new reliable evidence' that 'was not presented at trial') to support his conclusory claims of innocence." (quoting *Arthur*, 452 F.3d at 1245)); *see also United States v. Campbell*, 26 F.4th 860, 873 (11th Cir. 2022) ("[F]ailure to raise an issue in an initial brief . . . should be treated as a forfeiture of the issue, and therefore the issue may be raised by the court sua sponte [only] in extraordinary circumstances."); *Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1319 (11th Cir. 2012) ("[T]he failure to make arguments and cite authorities in support of an issue [forfeits] it."); *In re Egidi*, 571 F.3d 1156, 1163 (11th Cir. 2009) ("Arguments not properly presented . . . are deemed [forfeited].").

## EVIDENTIARY HEARING

We don't need a hearing to develop the factual record in this case. *See Winthrop-Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014) ("[A] district court need not hold a hearing if the allegations are patently frivolous, based upon unsupported generalizations, or affirmatively contradicted by the record." (cleaned up)). Since the Petition is plainly untimely, a hearing would be a waste of judicial resources.

## CERTIFICATE OF APPEALABILITY

A Certificate of Appealability ("COA") is appropriate only when the movant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To deserve a COA, therefore, the movant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a district court has disposed of claims . . . on procedural grounds, a COA will be granted only if the court concludes that 'jurists of reason' would find it debatable both 'whether the petition states a valid claim of the denial of a constitutional right' and 'whether the district court was correct in its procedural

ruling.'" *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001) (quoting *Franklin v. Hightower*, 215 F.3d 1196, 1199 (11th Cir. 2000)). Because no jurists of reason would debate the correctness of our procedural ruling, we **DENY** any request for a COA.

* * *

Having carefully reviewed the record and the governing law, we hereby **ORDER AND ADJUDGE** that the Petition [ECF No. 1] is **DISMISSED** as time-barred, that any request for a COA is **DENIED**, that any request for an evidentiary hearing is **DENIED**, that all deadlines are **TERMINATED**, and that any pending motions are **DENIED** as moot. The Clerk shall **CLOSE** this case.

**DONE AND ORDERED** in the Southern District of Florida on March 31, 2023.

_____

**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:    Duglas E. Hernandez-Morel, *pro se*
       counsel of record